UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.:
1:13 cv 11512

```
***************************************************
RICHARD HOUPERT,                                   *
       Plaintiff                                   *
                                                   *
vs.                                                *
                                                   *
STANLEY BLACK & DECKER (U.S.) INC.,                *
HAPPY MADISON, INC.,                               *
HAPPY MADISON PRODUCTIONS,                         *
SONY ELECTRONICS, INC.,                            *
COLUMBIA PICTURES INDUSTRIES, INC.,                *
       Defendants                                  *
                                                   *
***************************************************
```

## PLAINTIFF'S COMPLAINT AND JURY DEMAND

### PARTIES:

1. The plaintiff, Richard Houpert (hereinafter "Plaintiff") is an individual who resides in Mansfield, Bristol County, Massachusetts.

2. On information and belief, the defendant, Stanley Black & Decker (U.S.) Inc.,(hereinafter "Black & Decker") is a legal corporation with a principal place of business at 1000 Stanley Drive, New Britain, Connecticut, and which was at all relevant times conducting business in Massachusetts

3. On information and belief, the Defendant, Happy Madison Inc., (hereinafter referred to as "Madison, Inc.") is legal corporation with a principal place of business at 17 North Street, Manchester, NH and which was at all relevant times conducting business in Massachusetts

4. On information and belief, the Defendant, Happy Madison Productions, (hereinafter referred to as "Madison.") is a legal corporation with a principal place of business at 10202 W. Washington Blvd, Judy Garland Building, Culver City, CA and which was at all relevant times conducting business in Massachusetts.

5. On information and belief, Sony Electronics, Inc., (hereinafter referred to as "Sony") is a legal corporation with a principal place of business at 16530 VIA Esprillo, San Diego, CA and which was at all relevant times conducting business in Massachusetts.

6. On information and belief, Columbia Pictures Industries, Inc., (hereinafter referred to as "Columbia") is a legal corporation with a principal place of business at 10202 W. Washington Blvd. Culver City, CA and which was at all relevant times conducting business in Massachusetts.

## JURISDICTION

7. Defendants transact business in Massachusetts such that they are subject to personal jurisdiction in Massachusetts.

8. Defendants are subject to the jurisdiction of this court pursuant to the Massachusetts long arm statute.

9. The District Court has jurisdiction over the matter pursuant to 28 U.S.C. § 1332 since there is complete diversity of citizenship between the Plaintiffs and each defendant and amount in controversy also exceeds $75,000.00. Venue is proper in the District Court pursuant to 28 U.S.C. §1391 since the Plaintiff resides in Massachusetts and the events leading up to the Plaintiff's injuries occurred in Massachusetts.

## INTRODUCTORY STATEMENT

10. This is an action for personal injuries sustained by the Plaintiff, Richard Houpert, on May 23, 2011, when he suffered fractures and amputation to the fingers on his right major hand while using a defective and dangerous table saw (Delta uni-saw 3 hp serial #98D91964 hereinafter referred to as "the saw"), which was designed, manufactured, distributed and/or sold by Defendant, Black & Decker.

11. At all times pertinent hereto, defendant, Black & Decker was engaged in the design, development, assembly, manufacture, testing, inspection, packaging, promotion, advertising, marketing, distribution and sale of the Delta saw being used by Plaintiff.

12. At all relevant times, the Plaintiff, Richard Houpert, was a union worker engaged in creating sets for the Columbia Pictures/Sony Adam Sandler movie: "I Hate You Dad"/"That's My Boy" being filmed in Boston, Massachusetts.

13. On or about May 25, 2011, Richard Houpert, while in the course of his employment, had his right, major hand drawn into the saw, resulting in serious injuries including but not limited to fractures and partial amputations of his fingers.

14. The set design and construction was being performed at 415 East Street, Boston, Massachusetts a location that was under the direct control, management and/or supervision of the Defendants Columbia, Sony, Madison Inc. and/or Madison.

15. On information and belief, the Defendant, Madison, Inc., was the corporate and/or parent company of the Defendant, Madison.

16. On or about May 25, 2011, Madison, Inc. and Madison were the producers and/or in charge of production for the movie that the Plaintiff was creating sets for.

17. On information and belief, the Defendant, Sony was the parent company of and/or partnering with the Defendant, Columbia which owned the rights to the movie being produced and for which the Plaintiff was creating sets at the time of his injury.

## CAUSES OF ACTION:

## COUNT I:

### RICHARD HOUPERT v. BLACK & DECKER (U.S.) INC.
### NEGLIGENCE

18. Plaintiff repeats and restates the allegations contained in the above paragraphs and incorporates said allegations herein by reference.

19. The injuries sustained by Plaintiff were the direct and proximate result of the carelessness and negligence of the defendant as follows:

   a. Defendant negligently designed, developed, licensed, assembled, manufactured, inspected, tested, marketed, advertised, sold and distributed said product.

   b. Defendant negligently failed to warn or instruct or adequately warn or adequately instruct plaintiff and other users of said product of its dangerous and defective characteristics, and of the safe and proper method of using said product.

c.  Defendant negligently distributed said product and placed it in the channels of trade, when it knew or with reasonable care should have known said product to be dangerous and defective in nature, design, and materials and in a dangerous and defective condition, and negligently placed said product in the channels of trade in the exercise of reasonable care ought to have foreseen would probably carry said product into contact with persons such as the plaintiff and other users who were ignorant of its dangerous and defective nature and condition, and defendant negligently failed to use reasonable care to prevent injury to such persons, including the plaintiff.

d.  Defendant failed in incorporating available safety devices in the design of the saw which would have prevented the Plaintiff's accident and failed to inform the public of the availability of these devices.

**WHEREFORE**, plaintiff demands judgment against defendant together with interest and costs.

## COUNT II:

### RICHARD HOUPERT V. BLACK & DECKER (U.S.) INC.: BREACH OF IMPLIED AND EXPRESS WARRANTIES

20. Plaintiff repeats and restates the allegations contained in the above paragraphs and incorporates said allegations herein by reference.

21. Pursuant to Massachusetts General Laws, chapter 106, §2-316A and §2-314, defendant expressly and impliedly warranted to plaintiff and to the general public that said product was safe, merchantable and fit for its intended and foreseeable purposes and uses. Defendant breached its warranties because said product was unsafe, not of merchantable quality and unfit for its intended and foreseeable uses and purposes. The Defendant also breached the warranty of fitness for a particular purpose and express warranties. Plaintiff relied on the warranties made by defendant and plaintiff sustained injury as the direct and proximate result of the breaches of warranties by defendant.

**WHEREFORE**, plaintiff demands judgment against defendant together with interest and costs.

## COUNT V

### RICHARD HOUPERT v. MADISON, INC. and MADISON
### NEGLIGENCE

22. Plaintiff repeats and restates the allegations contained in the above paragraphs and incorporates said allegations herein by reference.

23. On May 25, 2011, the Defendants were responsible for the production of the movie for which the Plaintiff was creating the set.

24. On May 25, 2011, the Defendants, their agents, servants, or others for whom they had a legal responsibility had a duty to provide reliable, safe equipment and a safe working environment for those persons working on the set.

25. The Defendants breached their duty by providing saws which did not have saw stops, safety guards or other safety equipment.

26. As a direct consequence of the Defendants acts and/or omissions, the Plaintiff was caused to sustain serious physical injuries, loss of income and other damages.

**WHEREFORE**, Plaintiff demands judgment against the Defendants in an amount this Court deems just and appropriate inclusive of interest, costs and attorneys' fees.

## COUNT VI

### RICHARD HOUPERT v. MADISON, INC. and MADISON
### GROSS NEGLIGENCE

27. Plaintiff repeats and restates the allegations contained in the above paragraphs and incorporates said allegations herein by reference.

28. The cost to provide saws with saw stops, guards, or other safety equipment was minimal compared to the enormity of the risk of injury to the users of the saw.

29. The Defendants owed a duty to the Plaintiff and all other users of the saws to provide equipment that was safe to be used for its intended purpose.

30. The Defendants breached their duty and engaged in grossly negligent conduct and willful, wanton and reckless misconduct to wit their failure to provide table saws that had saw stops, guards or other safety equipment installed.

31. As a direct consequence of the Defendants' acts and/or omissions, the Plaintiff was caused to sustain serious physical injuries, loss of income and other damages.

**WHEREFORE**, Plaintiff demands judgment against the Defendants in an amount this Court deems just and appropriate inclusive of interest, costs and attorneys' fees.

## COUNT VII

### RICHARD HOUPERT v. SONY and COLUMBIA
### NEGLIGENCE

32. Plaintiff repeats and restates the allegations contained in the above paragraphs and incorporates said allegations herein by reference.

33. On May 25, 2011, the Defendants owned and/or controlled the rights to the movie being produced and for which the Plaintiff was creating sets at the time of his injury.

34. On May 25, 2011, the Defendants, their agents, servants, or others for whom they had a legal responsibility had a duty to provide reliable, safe equipment and a safe working environment for those persons working on the set and working to create their movie.

35. The Defendants, their agents, servants, or others for whom they had a legal responsibility breached their duty by providing saws which did not have saw stops, safety guards or other safety equipment.

36. As a direct consequence of the Defendants' acts and/or omissions, or the acts and/or omissions of those for whom they were legally responsible, the Plaintiff was caused to sustain serious physical injuries, loss of income and other damages.

**WHEREFORE**, Plaintiff demands judgment against the Defendants in an amount this Court deems just and appropriate inclusive of interest, costs and attorneys' fees.

## COUNT V

### RICHARD HOUPERT v. MADISON, INC., MADISON, SONY and COLUMBIA
### NEGLIGENCE

37. Plaintiff repeats and restates the allegations contained in the above paragraphs and incorporates said allegations herein by reference.

38. On May 25, 2011, the Defendants were responsible for the production of the movie for which the Plaintiff was creating the set.

39. At all relevant times, the Defendants provided a monetary safety fund to ensure the safety of the persons working on the movie set.

40. The Defendants, their agents, servants, or others for whom they had a legal responsibility had a duty to ensure that the funds were actually used to provide safe equipment and a safe environment for the workers.

41. The Defendants breached their duty and negligently failed to provide saw stops, guards and other safety equipment until after the Plaintiff's accident.

42. The Defendants' negligent acts and/or omissions were the proximate cause of Plaintiff's injuries.

**WHEREFORE**, Plaintiff demands judgment against the Defendants in an amount this Court deems just and appropriate inclusive of interest, costs and attorneys' fees.

### PLAINTIFF CLAIMS TRIAL BY JURY.

Respectfully Submitted,
Plaintiff by his Attorney


/s/ *Joan S. Amon*
Joan S. Amon, Esq.
BBC#548239
90 Concord Avenue
Belmont, Ma  02478
(617) 489-9800

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Houpert, Richard

**(b)** County of Residence of First Listed Plaintiff: **Bristol**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Joan S. Amon, Esq.
90 Concord Avenue
Belmont, MA 02478   (617) 489-9800

## DEFENDANTS
Stanley Black & Decker (U.S.) Inc.,
Happy Madison Inc., Happy Madison Productions.,
Sony Electronics, Inc., Columbia Pictures Industries, Inc.,

County of Residence of First Listed Defendant: _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

**TORTS — PERSONAL INJURY (continued)**
- ☒ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS — Habeas Corpus:**
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

**Other:**
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. s. 1332
Brief description of cause:
Plaintiff's fingers were amputated while using a saw manufactured, designed and/or provided by Defendants

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ 1,000,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____   DOCKET NUMBER _____

DATE: 06/25/2013
SIGNATURE OF ATTORNEY OF RECORD: /s/Joan S. Amon

**FOR OFFICE USE ONLY**
RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Richard Houpert v. Stanley Black and Decker U.S. Inc.__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ☐ I.   410, 441, 470, 535, 830*, 891, 893, 895, R.23, REGARDLESS OF NATURE OF SUIT.

   ☐ II.  110, 130, 140, 160, 190, 196, 230, 240, 290, 320, 362, 370, 371, 380, 430, 440, 442, 443, 445, 446, 448, 710, 720, 740, 790, 820*, 840*, 850, 870, 871.

   ☑ III. 120, 150, 151, 152, 153, 195, 210, 220, 245, 310, 315, 330, 340, 345, 350, 355, 360, 365, 367, 368, 375, 385, 400, 422, 423, 450, 460, 462, 463, 465, 480, 490, 510, 530, 540, 550, 555, 625, 690, 751, 791, 861-865, 890, 896, 899, 950.

   *Also complete AO 120 or AO 121. for patent, trademark or copyright cases.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   _____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES ☐   NO ☑

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES ☐   NO ☑

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES ☐   NO ☑

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES ☐   NO ☑

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES ☐   NO ☑

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division ☐   Central Division ☐   Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division ☑   Central Division ☐   Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES ☐   NO ☑

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Joan S. Amon, Esq.__
ADDRESS __90 Concord Avenue, Belmont, MA 02478__
TELEPHONE NO. __(617) 489-9800__

(CategoryForm12-2011.wpd - 12/2011)